# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DENNIS PETSCHE,**

        **Petitioner,**

**vs.**                              **No. CIV 00-1736 MV/LCS**

**LAWRENCE TAFOYA,**
**Warden, et al.,**

        **Respondents.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Respondents' Response to Petitioner's Supplement (filed pursuant to Order to Clarify Petition filed May 9, 2001.) filed May 9, 2001. (*Doc. 25*). On January 23, 2001, the Court filed an Order setting forth a briefing schedule based on the Respondents' Answer, which set forth allegations similar to a motion to dismiss. Thereafter, the Respondents' filed a Motion for Petitioner to Clarify Petition. On February 12, 2001, the Court entered its Order granting the Respondents' Motion and as a result set a new briefing schedule. The Petitioner was ordered to file a supplement to his petition and the Respondents were ordered to file a response. Due to Petitioner's failure to serve the Respondents with copies of the pleadings including his clarification to petition, the Court here now **GRANTS**

1

the Respondents' Motion for Extension of Time to File a Response to Petitioner's Supplement

(clarification) until 5/10/01. (*Doc. 22*). Therefore, the Court treats the Respondents' Response,

filed May 9, 2001, as a Motion to Dismiss. The Court has thus considered the Motion, Answer,

Responses, the record herein, and the relevant law. For the reasons stated, I propose find that the

Motion to Dismiss is well-taken and I recommend that it be GRANTED.

## PROPOSED FINDINGS

1.      Petitioner is currently incarcerated and is proceeding pro se and in forma pauperis.

Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Second Judicial

District Court for the County of Bernalillo, State of New Mexico, dated March 12, 1998. (Ans., Ex.

A). In connection with the death of his daughter, Sarah Dawn Petsche, Petitioner was charged with

two counts of child abuse resulting in death, three counts of child abuse resulting in great bodily

harm, and two counts of child abuse. (Ans., Ex. C). In addition, Petitioner was also charged with two

counts of aggravated battery on his wife Iris Petsche and one count of child abuse of R.C., a child.

*Id*.

2.      On October 28, 1997, the Petitioner entered into a plea agreement in which he agreed

to enter pleas of guilty to the charges of one count of child abuse resulting in death, one count of

child abuse resulting in great bodily harm, one count of child abuse, and one count of aggravated

battery. (Ans., Ex. A). He was sentenced on March 12, 1998 pursuant to the plea agreement to serve

a total term of forty-two years. *Id*. Under the terms of the Plea and Disposition Agreement, the

Petitioner waived his rights to file a direct appeal. (Ans., Ex. B).

3.      Petitioner filed an Amended Petition for a Writ of Habeas Corpus in the Second Judicial District Court in the State of New Mexico on March 5, 1999. (Ans., Ex. E).[1] In that petition, Petsche raised the issue of ineffective assistance of counsel. Particularly, he argued that his counsel's actions deprived him the right to a speedy trial, that his guilty plea was involuntary due to counsel's deficient performance including failure to investigate the facts of the case, failure to explain potentially meritorious defenses, and failure to explain the consequences of the plea. (Ans., Ex. E). The Petitioner also argued that his counsel was ineffective by failing to effectively represent him in his motion to withdrawal his guilty plea. *Id*. On April 21, 1999, the District Court denied his petition. (Ans., Ex. F).

4.      Upon the Petitioner's Motion for Reconsideration filed May 5, 1999, the District Court held an evidentiary hearing on March 10, 2000. At that hearing, Judge Neil Candelaria heard arguments from both sides regarding the claim of ineffective assistance of Petsche's counsel. From the record of the hearing, it appears that Petsche's counsel testified at an earlier date and that her testimony focused on her representation before and after Petsche's plea agreement. *See* Tr. Rec. at 1. Judge Candelaria concluded the hearing by stating he was "going to deny the defendant's petition for writ of habeas corpus" *See* Tr. Rec. at 25. The Judge set forth multiple findings of facts and conclusions upon which he based his decision. s*ee* Tr. Rec. at 22-25. On April 7, 2000, Judge Candelaria issued his written Findings and Conclusions of Law denying the defendant's writ of habeas

---

[1]      The petitioner filed his original petition pro se on February 2, 1999. (Ans., Ex. D). After filing the state petition, a public defender was appointed to represent the Petitioner in the habeas corpus litigation. Counsel subsequently filed an amended petition presenting the same issues asserted in Petsche's original petition.

3

corpus. (Ans., Ex. J). The court found that counsel's "performance did not fall below that of a reasonably competent attorney" and that "[counsel's] performance, if it was deficient, did not prejudice the defendant in any way." *Id.*

5.      On May 8, 2000, Petsche filed his petition with the New Mexico Supreme Court raising the same issues presented in his motion for reconsideration. (Ans., Ex. K). The court subsequently denied his petition, summarily. (Ans., Ex. L).

6.      Once Petsche exhausted his state court remedies with respect to his ineffective assistance of counsel claim, on December 11, 2000 he filed his Petition for Writ of Habeas Corpus in federal court. (*Doc. 1*). In that petition, the only claim listed was as follows: "[t]he judge did not listen to the proff [sic] that I didn't do anything. The D.A. and my ex lawyer lied on the stand and the judge took it all as truth and my evidence was thrown out." (*Doc. 10*). When ordered to clarify his petition, Petsche filed a response stating claims including insufficient evidence for the claim of child abuse resulting in death, insufficient evidence for the claim of aggravated battery, involuntariness of the plea, and ineffective assistance of counsel. (*Doc. 17*).

7.      In essence, Petsche argues that there was insufficient evidence "presented to the judge" concerning the charges of child abuse resulting in death and aggravated battery. (*Doc.* 17). Specifically, the Petitioner claims that reports alleging he was present when his daughter died were false and that his wife's water bag during pregnancy was leaking for months and was not intentionally ruptured. (*Doc. 17*). With respect to these claims, the Respondents argue they are subject to dismissal based on procedural default. The Respondents argue procedural default because Petsche failed to

raise these issues in a direct appeal or in his state court habeas corpus proceedings. (*Doc. 25*).

8.     A habeas corpus petitioner must exhaust available state court remedies before obtaining federal habeas relief. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). In *Rose v. Lundy*, the Supreme Court announced a "total exhaustion rule" which requires habeas petitioners to fully exhaust all of their claims at the state court level. As established, this rule requires district courts to dismiss habeas petitions that contain a mixture of both exhausted and unexhausted claims. *Id.* The exhaustion requirement is based on notions of comity and creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Granberry v. Greer*, 481 U. S. 129,131 (1987). Federal district courts routinely dismiss petitions where the petitioner has failed to exhaust his state court remedies. *See Bear v. Boone*, 173 F. 3d 782, 786 (10th Cir. 1999). "[A] petitioner who raises new claims in a second or subsequent habeas petition must show both cause for failing to present those claims in an earlier habeas petition and prejudice therefrom." *Rodriguez v. Maynard*, 948 F.2d 684, 687 (10th Cir. 1991).

9.     This requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam);  *see also Picard v. Connor*, 404 U.S. 270, 275 (1971).   Another reason to provide state courts the initial opportunity to act is that fully exhausted claims are often "accompanied by a complete factual record" which serves to "aid federal courts in their review." *Rose*, 455 U.S. at 519. "[W]here a federal habeas petitioner raises a claim which has <u>never</u> been presented in any state forum, a federal court may

properly determine whether the claim has been procedurally defaulted under state law, such that a remedy in state court is 'unavailable' within the meaning of § 2254(c)." *Harris v. Reed*, 489 U.S. 255, 269 (1989) (citation omitted) (emphasis added).

10.     I recommend finding the Petitioner's application for writ of habeas corpus should be denied with respect to this claim for two reasons. First, Petsche did not present his insufficient evidence claims to the state courts. The claims were not raised on direct appeal, since he gave up his right to appeal in his plea agreement, and they were not raised in his state habeas corpus petitions. (Ans., Ex. E). Second, it is unclear how an insufficiency of the evidence claim can be effectively argued in light of the Petitioner's guilty plea. The mere fact that Petsche admitted to the crimes is sufficient evidence. Therefore, I recommend finding that these two claims based on insufficiency of the evidence be dismissed for Petsche's failure to exhaust his state court remedies.

11.     Petsche also argues that his plea was not voluntary because he was taking Haldol at the time and did not read the plea. (*Doc. 17*). Once again, Petsche failed to raise this issue in his state court habeas corpus proceedings. (*Doc. 25*). Therefore, pursuant to the analysis set forth above, I recommend finding that this claim based on involuntariness of the plea be dismissed for Petsche's failure to exhaust his state court remedies.

12.     The Petitioner's final argument is one based on ineffective assistance of counsel. This claim was fully briefed and presented before the state court at an evidentiary hearing on March 10, 2000.[2]  The state court's Findings and Conclusions of Law were based on arguments of counsel,

---

[2]     The Respondents have submitted a copy of the transcript of this proceeding.

briefs and testimony of Petsche's attorney. (Ans., Ex. J). That court found that "[counsel's] performance did not fall below that of a reasonably competent attorney" and that "if it was deficient, [it] did not prejudice the defendant in any way." *Id.*

      13.     Because Petsche filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), my review is governed by the provisions of that act. *See Hooks v. Ward,* 184 F.3d 1206, 1213 (10th Cir.1999). The appropriate standard of review depends on whether a claim was decided on the merits in state court. If a claim was adjudicated on its merits, a petitioner will be entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Thus, a federal court may grant the writ if it finds that the state court (1) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; (2) decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or (3) unreasonably applied the governing legal principle to the facts of the prisoner's case. *Williams v. Taylor,* 592 U.S. 362, 411, 120 S.Ct. 1495, 1523 (2000). Further, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C.

§2254(d). That presumption of correctness is rebuttable only "by clear and convincing evidence." *Id*.;

*see also Boyd v. Ward,* 179 F.3d 904, 911-12 (10th Cir.1999) (quoting §2254(d) &(e)(1)).[3]

       14.     Applying 28 U.S.C. 2254(d), I recommend find that Petsche's claim of ineffective

assistance of counsel claim be denied. The district judge's statements made at the evidentiary hearing

were consistent with the *Strickland* standard and were based upon a reasonable determination of the

facts in light of the evidence presented. The judge concluded that counsel's representation did not fall

below that of a reasonably competent attorney. *See* Tr. Rec. at 22. He found that she properly

reviewed discovery, filed the appropriate motions on the defendant's behalf, gave tactical reasons why

she did not interview certain witnesses, and advised him appropriately at the plea stage. *See* Tr. Rec.

at 22-23.

<u>**RECOMMENDED  DISPOSITION**</u>

      For the reasons stated above, I recommend that Plaintiff's Application for a Writ of Habeas

Corpus filed December 11, 2000 (*Doc. 1*) be denied and that it be dismissed <u>without prejudice</u> as to

his unexhausted claims of insufficiency of the evidence and involuntariness of the plea. I further

recommend that Plaintiff's Application for a Writ of Habeas Corpus filed December 11, 2000 (*Doc.*

*1*) be denied and that it be dismissed <u>with prejudice</u> as to his claim of ineffective assistance of counsel.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten

---

[3]      In order to establish ineffective assistance of counsel, Petsche must have shown his counsel's representation fell below an objective standard of reasonableness *and* there was a reasonable probability that, but for her unprofessional errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U. S. 668 (1984).

days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.


_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**