## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DENNIS PETSCHE,

                Petitioner,

v.

                                          No. Civ. 00-1736 MV/LCS

LAWRENCE TAFOYA,
Warden, et al.

                Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommendation, recommending that Petitioner's petition for a writ of *habeas corpus*, filed under 28 U.S.C. § 2254, be denied **[Doc. No. 27]**.  Having conducted a *de novo* review of the record, the Court will reject the Proposed Findings and Recommendation and will order that counsel be appointed to represent petitioner.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged with two counts of child abuse resulting in death in connection with the death of his daughter, Sarah Dawn Petsche, three counts of child abuse resulting in great bodily harm and two counts of child abuse in connection with injuries sustained by his daughter Sara Ann Petsche, two counts of aggravated battery on his wife Iris Petsche, and one count of child abuse in connection with injuries sustained by Robert Crays, in the Second Judicial District of New Mexico, Bernalillo County.  Approximately two years later, petitioner pled guilty to one charge of child abuse resulting in death, one charge of child abuse resulting in great bodily harm,

one charge of child abuse resulting in injury, and one charge of aggravated battery.  Petitioner was sentenced to forty-two years imprisonment.

Petitioner did not file a direct appeal because his plea agreement prohibited him from doing so.  He did, however, file a *pro se* petition for state *habeas corpus* relief, which was later amended by appointed counsel.  Petitioner's petition for state *habeas corpus* relief was summarily denied without a hearing.  Counsel then filed a Motion for Reconsideration on petitioner's behalf. The state trial court granted the Motion for Reconsideration, conducted an evidentiary hearing, and denied petitioner's petition without making any factual findings or engaging in any legal analysis.  The state supreme court denied petitioner's petition for *certiorari*.

Petitioner then filed a *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 in this court and the matter was referred to a Magistrate Judge, *see* 28 U.S.C. § 636.  The government filed an "Answer," *see* Doc. No. 10, contending that petitioner had exhausted all of his state court remedies and that petitioner failed "to state a meritorious constitutional claim cognizable under 28 U.S.C. § 2254."  Ans. at 1, 2.  The government attached to its answer most of the relevant portions of the state court record, but did not attach a transcript of the evidentiary hearing held before the state trial court that entertained petitioner's petition for state *habeas corpus* relief.  The Magistrate Judge construed the government's answer as a motion to dismiss and set a briefing schedule, *see* Doc. No. 11.

The government then filed a Motion for Clarification, *see* Doc. No. 12, contending that it was "unable to determine the exact grounds raised" in petitioner's petition for *habeas corpus* relief.  Finding that the motion was well-taken, the Magistrate Judge granted it and ordered petitioner to "state within the Petition a federal constitutional claim(s) and the supporting facts

2

relating to that claim(s)."  Doc. No. 13.

Petitioner then filed a Motion for Appointment of Counsel, stating that he is "unable to act in [his] best interest" and that he does not "know what the court wants meaning they want a brief [sic]."  Doc. No. 14.  Concluding that the motion for appointment of counsel was premature, but otherwise failing to engage in any analysis of petitioner's motion, the Magistrate Judge denied petitioner's request for counsel.  Doc. No. 15.  Shortly thereafter, petitioner filed an untitled letter to the Clerk of Court, stating the following:

> I'm writing you this letter in responds [sic] to the order . . . where the judge 'denied' [sic] my motion for appointment of counsel, how can I be guaranteed the right to 'due process of law' if my motion for an attorney was denied, I have no legal background, & I have no idea what the judge wants. . . . [I]t was ordered by the judge to file brief [sic] . . . , I have no idea what the judge wants, without a attorney [sic] '*I cannot*' file the right brief, the other side has legal asst [sic] why can't I be granted legal asst [sic]. . . . I ask the Court to reconsider her [sic] order to grant my motion for counsel.

Doc. No. 16 (emphasis in original).  This document was docketed but not addressed by the Magistrate Judge.

Petitioner then filed a handwritten document which was docketed as a "Supplement" in response to the Court's Order to Clarify.  *See* Doc. No. 17.  In this document, petitioner describes the facts underlying his conviction, but does not actually set forth a claim for *habeas corpus* relief.  Apparently, petitioner failed to serve this document on the government because the government filed a Notice Re: Non-Receipt of Supplement Pursuant to Court's Order to Clarify.  *See* Doc. No. 20.  Thereafter, the government sought an extension of time, until May 10, 2001, to respond to petitioner's Supplement.  The government also filed a Motion to Expand the Record and sought permission to file the transcript of the state evidentiary hearing.  The Magistrate Judge

granted the Motion to Expand the Record, but did not address the Motion for an Extension of Time. It does not appear that the transcript of the state evidentiary proceeding has yet been made part of the record.

The government responded to petitioner's supplement on May 9, 2001. In its response, the government states that the "Supplement appears to raise the following grounds for federal habeas corpus relief: A. Insufficient evidence to support the conviction for child abuse resulting in death for the homocide of Sarah Dawn Petsche on August 18, 1990; B. Insufficient evidence to support the conviction for aggravated battery (great bodily harm) relating to Iris Petsche; and C. Ineffective assistance of counsel." Doc. No. 25 at 2. The government went on to argue that the insufficiency of the evidence claims were both subject to dismissal on the ground that they were procedurally defaulted and that the ineffective assistance claim was subject to dismissal because the state court's resolution of the claim was not unreasonable. *See id.* at 3-4 (citing 28 U.S.C. § 2254; *Williams v. Taylor*, __ U.S. __, 120 S.Ct. 1495 (2000); *Van Woudenberg v. Gibson*, 211 F.3d 560 (10th Cir. 2000).

On July 5, 2001, the Magistrate Judge then filed his Proposed Findings and Recommendation, inexplicably giving the government an extension until May 10, 2001 to file its response to petitioner's Supplement and recommending that petitioner's petition for *habeas corpus* relief be dismissed. Apparently agreeing with the government's supposition regarding the nature of petitioner's claims, but failing to explain the reason for his agreement, the Magistrate Judge recommended that the insufficiency of the evidence claims be dismissed without prejudice for failure to exhaust state court remedies and that the ineffective assistance of counsel claim be

4

dismissed with prejudice under 28 U.S.C. § 2254(d).[1]

## ANALYSIS

The Court finds that petitioner has not set forth any insufficiency of the evidence claims, nor has he set forth any claims that counsel was unconstitutionally ineffective.  In fact, petitioner has not set forth any claims at all.  Petitioner, *pro se*, filed a form § 2254 petition, leaving blank all of the spaces in which he was expected to set forth his claims.  He attached to his petition copies of some of the briefs that were filed on his behalf throughout the state litigation.  These briefs outlined the nature of the case, but were not sufficient indicia of the claims that petitioner wished to raise in his federal *habeas corpus* proceeding.  The government's assertion that petitioner set forth two insufficiency of the evidence claims was mere supposition.  The Court is perplexed as to why the Magistrate Judge would accept the supposition of the government without undertaking its own analysis to determine whether, and to what extent, petitioner was setting forth sufficiency of the evidence claims.  In any event, because the Court finds that petitioner has not actually set forth any claims, the Court must reject the Magistrate Judge's proposed findings and recommendations with respect to all of the claims that the Magistrate Judge apparently believed had been presented.

Ordinarily, if a petitioner completely fails to set forth any claim for relief, the petition is subject to dismissal.  However, there is a wrinkle in this action which renders outright dismissal inappropriate.  The underlying facts of this case are troubling.  Petitioner, who states that he has

---

[1]     With respect to the insufficiency of the evidence claims, the Magistrate Judge noted that "it is unclear how an insufficiency of the evidence claim can be effectively argued in light of the Petitioner's guilty plea.  The mere fact that Petsche admitted to the crimes is sufficient evidence." Prop. Findings and Rec. at 6.

an IQ of 72, and his wife, Iris, had a baby in 1990.  There is evidence in the record suggesting that Iris was seventeen years old when the baby, Sarah Dawn, was born and that she had suffered through a childhood of sexual abuse at the hands of her father.  The evidence in the record suggests further that Sarah Dawn was born prematurely and suffered from severe medical complications at birth.  Apparently, Sarah Dawn had a respiratory ailment called apnea throughout her short life and died when she was two and one-half months old.  The evidence in the record indicates that on the day she died, petitioner was at home, talking with an acquaintance in his yard.  He went inside and his wife told him that Sarah Dawn had stopped breathing.  The couple took Sarah Dawn to the hospital, where she died.  The autopsy revealed that Sarah Dawn had died of Sudden Infant Death Syndrome (SIDS).  Petitioner and his wife sued the manufacturer of the apnea monitor that had been monitoring Sarah Dawn's breathing and settled the action for $16,000.00.

In 1992, petitioner and Iris had their second baby, Sara Ann.  Sara Ann was also born prematurely and also suffered from apnea.  Apparently, Sara Ann was admitted to the hospital in 1993 because of respiratory problems and staff at the hospital became concerned about some bruising on Sara Ann's arms.  Sara Ann was examined and it was determined that she had serious injuries.  She was taken into protective custody by the Children Youth and Families Department ("CYFC") and proceedings were brought to terminate the couple's parental rights.  Shortly thereafter, petitioner and Iris had a third baby who was taken from their custody at birth.

There is not enough information in the record for the Court to make any express factual findings with respect to any of these issues.  Nonetheless, there is sufficient information in the record to suggest that petitioner has mental difficulties and may have an unusually low IQ.

6

Petitioner filed a motion for appointment of counsel, which the Magistrate Judge denied without making any factual findings as to petitioner's ability to represent himself or any legal conclusions as to whether the standard for appointment counsel was satisfied.  The Magistrate Judge simply concluded, after ordering petitioner to file a brief in opposition to what it had construed as the government's motion to dismiss for failure to state a claim, that the request for counsel was premature.  Moreover, petitioner filed a document objecting to the Magistrate Judge's decision not to appoint counsel and specifically seeking reconsideration of the Magistrate Judge's ruling. It is axiomatic that a *pro se* litigant's pleadings must be construed liberally.  *See Adams v. Anderson*, -- F.3d -- , 2001 WL 725807, *3 (10th Cir. 2001) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  Petitioner's letter objecting to the Magistrate Judge's ruling denying his motion for appointment of counsel should have been construed as an appeal of that ruling.[2]

In deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) ("[I]f the plaintiff has a colorable claim then the district court should consider the nature of the factual issues and the ability of the plaintiff to investigate the crucial facts." (quotation omitted)).  A review of the underlying procedural history in this action reveals that petitioner may be able to present a colorable claim of ineffective assistance of counsel and a colorable claim that his plea was not knowing and voluntary.

---

[2] The document satisifed the requirements for an appeal of a Magistrate Judge's order.  *See* 28 U.S.C. § 636(c)(3).

7

Moreover, this action implicates the standards to be applied to *habeas corpus* petitions under the various provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA); to say that these are complex legal issues is an understatement.  Finally, as explained above, petitioner has demonstrated that his ability to present his claims is limited.  Accordingly, the Court finds that appointment of counsel in this case is warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** the Magistrate Judge's Proposed Findings and Recommendation **[Doc. No. 27]** are hereby rejected.  Counsel is hereby appointed to represent petitioner in this action and to file an amended petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, setting forth all of petitioner's claims for *habeas corpus* relief.  It is further hereby ordered that the transcript of the state evidentiary hearing be made a part of the record.  This matter shall proceed before the Magistrate Judge.  Petitioner shall be afforded an opportunity to present evidentiary material in support of his *habeas corpus* petition if it is determined that an evidentiary hearing is warranted.  *See* 28 U.S.C. § 2254(e)(2).

Dated this 21st day of August, 2001.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE


Attorneys for Petitioner
      Dennis Petsche *(pro se)*

Attorney for Government
      Margaret McLean

8